**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

January 25, 2017

LETTER TO COUNSEL

RE:   *Sabrina Longshore v. Commissioner, Social Security Administration*;
      Civil No. SAG-16-223

Dear Counsel:

On January 24, 2016, Plaintiff Sabrina Longshore petitioned this Court to review the Social Security Administration's final decision to deny her claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). (ECF No. 1). I have considered the parties' cross-motions for summary judgment, and Ms. Longshore's Motion to Add New and Material Exhibits. (ECF Nos. 16, 18, 21). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both parties' motions, reverse the Commissioner's judgment, and remand the case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g). In light of the remand, I will also deny Ms. Longshore's motion to add new and material exhibits to the record before this Court, [ECF No. 18], since those additional materials can be added to the record on remand, if appropriate. This letter explains my rationale.

Ms. Longshore filed her claims for benefits on July 17, 2012, originally alleging a disability onset date of April 14, 2004.[1] (Tr. 189-201). Her claims were denied initially and on reconsideration. (Tr. 137-44, 147-50). A hearing was held on February 9, 2015, before an Administrative Law Judge ("ALJ"). (Tr. 55-105). Following the hearing, the ALJ determined that Ms. Longshore was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 34-54). The Appeals Council denied Ms. Longshore's request for review. (Tr. 2-6). Thus, the ALJ's decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Ms. Longshore suffered from the severe impairments of "degenerative disc disease of the spine; degenerative joint disease of the left shoulder; asthma; bipolar I disorder; anxiety disorder; and Post-Traumatic Stress Disorder (PTSD)." (Tr. 40). Despite these impairments, the ALJ determined that Ms. Longshore retained the residual functional capacity ("RFC") to:

---

[1] On August 3, 2012, Ms. Longshore amended her onset date to August 19, 2000. (Tr. 202-05).

*Sabrina Longshore v. Commissioner, Social Security Administration*
Civil No. SAG-16-223
January 25, 2017
Page 2

> perform light work as defined in 20 CFR 416.967(b) except the claimant can stand and walk for 2 hours in an 8-hour workday; and can sit for 6 hours with normal breaks in an 8-hour workday. The claimant can occasionally climb ladders, ropes, and scaffolds; and can perform frequent balancing. The claimant can occasionally stoop, kneel, crouch, and crawl. The claimant can occasionally perform overhead work with the left upper extremity. The claimant can have occasional exposure to extreme cold, extreme heat, humidity, and fumes, odors, gases, and other environmental irritants. The claimant is capable of performing simple, repetitive, routine tasks; and can have occasional interaction with the public and supervisors. The claimant can tolerate occasional changes to the work setting and can perform occasional work-related decision-making.

(Tr. 42-43). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Longshore could perform her past relevant work as an office helper and that, therefore, she was not disabled. (Tr. 48-50).

Ms. Longshore advances several arguments on appeal. Although many of her arguments fail, I find remand to be warranted because the ALJ failed to comply with the dictates of *Mascio v. Colvin,* 780 F.3d 632 (4th Cir. 2015). In so holding, I express no opinion as to whether the ALJ's ultimate conclusion that Ms. Longshore was not entitled to benefits is correct or incorrect.

Turning briefly to some of the unsuccessful arguments, I am not persuaded that the ALJ conducted an insufficient listing analysis. Specifically, Ms. Longshore argues that the ALJ failed to properly evaluate Listings 1.02, 1.03, and 1.04.[2] The ALJ's opinion included the following:

> The claimant's degenerative disc disease of the spine does not satisfy the criteria of 1.04; the medical record does not reflect the claimant has a disorder of the spine resulting in the compromise of a nerve root or the spinal cord, with evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, or motor loss, accompanied by sensory or reflex loss and positive straight-leg raising tests (sitting and supine). In addition, listing 1.03 is not met, because the claimant can ambulate effectively, as defined in 1.00B2b. For example, on January 19, 2013, the claimant ambulated with a steady gait…The claimant's degenerative joint disease of the left shoulder does not satisfy the criteria of 1.02, because the record reflects the claimant can perform fine and gross movements effectively, as defined in 1.00B2c.

---

[2] Ms. Longshore further contends that the ALJ failed to discuss the criteria of Listings 12.04 and 12.06. Pl. Mot. 10-12. However, contrary to Ms. Longshore's assertion, the ALJ applied the special technique for evaluation of mental impairments, and determined that Ms. Longshore had "moderate restriction" in activities of daily living, "moderate difficulties" in social functioning, and concentration, persistence, or pace, and "no episodes of decompensation." (Tr. 41-42); *see* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.04, 12.06. I have carefully reviewed the record, and I agree that no listings are met.

(Tr. 41) (citations omitted). The ALJ engaged in the required analysis of each functional area and cited to record evidence in support of his conclusions. *See* (Tr. 44-46). Notably, the ALJ cited Ms. Longshore's normal findings upon physical examination, and noted her "unremarkable" results on MRIs, CT Scans, and X-rays performed between 2011 and 2013. (Tr. 44-45). Additionally, the ALJ noted that Ms. Longshore had "a full range of motion of her upper and lower extremities with normal muscle strength and tone," exhibited a "normal" gait, and "did not require any assistive device for ambulation." (Tr. 46) (citations omitted). Moreover, the ALJ noted that "physical examinations generally reveal[ed] [Ms. Longshore] has a normal range of motion in her left shoulder," and cited Ms. Longshore's admission that her symptoms improved with medication. (Tr. 45) (citing (Tr. 332-723, 858-71)). Ultimately, Ms. Longshore's arguments about the inadequacy of the Listing analysis focus on the weight the ALJ assigned to certain pieces of evidence over other pieces of evidence. *See* Pl. Mot. 8-12. That inquiry is not permissible, since this Court's role is not to reweigh the evidence or to substitute its judgment for that of the ALJ, but simply to adjudicate whether the ALJ's decision was supported by substantial evidence. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Accordingly, I find that the ALJ properly evaluated the relevant listings and supported his conclusions with substantial evidence. Therefore, remand is not warranted on this basis.

Ms. Longshore's argument that the ALJ failed to properly evaluate her credibility is also unpersuasive. *See* Pl. Mot. 12-16. Specifically, she believes the ALJ erred by failing to "provide any proper rationale as to why he did not find [Ms. Longshore's] statements concerning the intensity, persistence, and limiting effects of [her] symptoms credible." *Id.* at 12-13. "In determining the credibility of the individual's statements, the adjudicator must consider the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians…and any other relevant evidence in the case record." SSR 96-7P, 1996 WL 374186, at *1 (S.S.A. July 2, 1996). Contrary to Ms. Longshore's assertion, the ALJ properly evaluated her credibility. Notably, the ALJ found that Ms. Longshore's "longitudinal medical history [was] inconsistent with her allegation of disability, with several inconsistencies noted throughout the record." (Tr. 44). Specifically, the ALJ noted that although Ms. Longshore "testified she had been using a cane for the past several years…the record reflects [she] ambulates with a steady gait and does not require an assistive device for ambulation." *Id.* In addition, the ALJ noted that "while [Ms. Longshore] initially testified she could lift her 40-pound child, she later testified she has difficulty lifting a gallon of milk." *Id.* Moreover, the ALJ noted that "the longitudinal medical record reflects a history of drug seeking behavior and possible overuse of prescription drugs, which raises a question as to whether [her] reported limitations and pain are as disabling as alleged." (Tr. 47). Ultimately, the ALJ's detailed comparison of the record evidence to Ms. Longshore's statements regarding her physical and mental symptoms amply supports the ALJ's conclusion that Ms. Longshore's alleged limitations were not entirely credible. Thus, contrary to Ms. Longshore's argument, the ALJ properly evaluated Ms. Longshore's credibility, and supported his findings with substantial evidence.

*Sabrina Longshore v. Commissioner, Social Security Administration*
Civil No. SAG-16-223
January 25, 2017
Page 4

I am equally unconvinced that the ALJ failed to assign weight to the opinion of her treating physicians, Drs. Pritchett and Smith.[3]  *See* Pl. Mot. 16-17.  Notably, there is no requirement that each practitioner's opinion be explicitly addressed, where implicit assignments of weight can provide an opportunity for meaningful review.  *Shaffer v. Comm'r, Soc. Sec.*, No. CIV. SAG-10-1962, 2012 WL 707098, at *2 (D. Md. Mar. 2, 2012) (citation omitted).   Here, it is clear that the ALJ considered and evaluated the records of Drs. Pritchett and Smith. *See* (Tr. 44-48) (citing (Tr. 736-800; 872-76)).  However, a review of the medical evidence shows that the records from Drs. Pritchett and Smith do not contain an opinion as to Ms. Longshore's ability to perform specific work related activities.  *See* (Tr. 736-800; 858-76).  Notably, Dr. Pritchett's records contain a description of Ms. Longshore's diagnoses and provide instructions regarding how and when to take her prescribed medications.  *See* (Tr. 736-800; 872-76).  Additionally, Dr. Smith's records contain a brief narrative of his impressions and recommendations following his evaluation of Ms. Longshore.  *See* (Tr. 858-71).  Regardless, neither Dr. Pritchett nor Dr. Smith opined as to whether Ms. Longshore's symptoms affected her ability to perform work-related activities.  Labeling the measure of weight afforded to these records would not provide any additional information regarding the ALJ's evaluation of Ms. Longshore's claim. Therefore, I find that the ALJ's decision to not assign specific weight to the records from Drs. Pritchett and Smith does not warrant remand.

Finally, I am unpersuaded that the ALJ erred in disregarding testimony by the VE that Ms. Longshore was not eligible for work.[4]  *See* Pl. Mot. 17-20. As an initial matter, an ALJ is afforded "great latitude in posing hypothetical questions," *Koonce v. Apfel*, 1999 WL 7864, at *5 (4th Cir. Jan. 11, 1999), and need only pose those that are based on substantial evidence and accurately reflect a claimant's limitations. *See Copeland v. Bowen*, 861 F.2d 536, 540-41 (9th Cir. 1988).  Likewise, a hypothetical question is unimpeachable if it adequately reflects the RFC for which the ALJ had sufficient evidence. *See Johnson v. Barnhart*, 434 F.3d 650, 659 (4th Cir. 2005).  In this case, the ALJ framed a hypothetical based on the RFC. (Tr. 99-101). In response, the VE stated that Ms. Longshore could perform several jobs existing in the national economy. (Tr. 101-02). Subsequently, the ALJ asked a second hypothetical that questioned whether the VE's testimony changed if the hypothetical individual could "only remain frequently on task due to symptoms from impairments." (Tr. 102).  In response to the second hypothetical, the VE stated that there were no "jobs remaining for such an individual[.]" *Id*. Ms. Longshore contends that the ALJ improperly disregarded this admission in finding her able to perform light work.  I disagree.  The VE's conclusion in the second hypothetical depended on limitations absent from

---

[3] I note that, in her motion, Ms. Longshore alleges error in the evaluation of Dr. Howell's medical opinion.  *See* Pl. Mot. 16-17.  However, the records Ms. Longshore cites for that proposition do not refer to Dr. Howell.  *See* (Tr. 858-71).  Instead, Ms. Longshore points the Court to records from Dr. Meindert Smith, a supervising provider at Shah Associates, MD, LLC.  *Id.*  Notably, Dr. Howell's name appears nowhere in the administrative record, outside the Table of Contents.  Accordingly, Ms. Longshore's contention is construed to allege error in the evaluation of Dr. Smith's medical opinion.

[4] Ms. Longshore also argues that the VE failed to provide responses consistent with the DOT.  Pl. 20-22.  Because the ALJ's RFC analysis warrants remand, the ALJ should, on remand, address the deficiencies identified by Ms. Longshore to ensure that the VE's testimony is in accordance with the DOT.

the RFC. Because the second hypothetical was altered to include an impairment for which the ALJ did not find sufficient evidence, the ALJ was under no obligation to adhere to the VE's answer. Indeed, the VE's testimony was relevant only if the ALJ also concluded that there was sufficient evidence that Ms. Longshore could "only remain frequently on task due to symptoms from impairments." *Id*. However, as noted above, the ALJ cited substantial evidence from the medical record that Ms. Longshore was capable of performing light work with the limitations contained in the RFC. As a result, the ALJ's hypothetical was proper, and remand is unwarranted.

However, turning to the successful argument, Ms. Longshore correctly contends that the ALJ failed to properly assess her RFC. Specifically, Ms. Longshore argues that "[the ALJ] failed to correctly or adequately account for…[Ms. Longshore's] substantial interference with concentration and completing tasks due to her mental health impairments[.]" Pl. Mot. 21; *see* Pl. Mot. 16. Thus, Ms. Longshore implicitly contends that the ALJ's analysis runs afoul of *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015). In this case, the ALJ made a finding of "moderate difficulties" in the area of concentration, persistence, and pace. (Tr. 42). Specifically, the ALJ noted that although "[Ms. Longshore] has reported crying spells and difficulty concentrating[,]" and "exhibited very poor insight and judgment" upon examination, the ALJ "concur[red] with the assessment of the State agency psychological consultant at the reconsideration level and [found] [Ms. Longshore] ha[d] moderate difficulties with regard to concentration, persistence, or pace." *Id.* (citations omitted). Ultimately, the ALJ imposed a RFC restriction that Ms. Longshore was "capable of performing simple, repetitive, routine tasks; and can have occasional interaction with the public and supervisors." (Tr. 42-43). However, the ALJ did not discuss any issues with Ms. Longshore's ability to sustain work throughout an eight-hour workday. In light of the lack of any discussion of Ms. Longshore's ability to sustain work, and the lack of any limitations in the RFC assessment to address her moderate difficulties in concentration, persistence, and pace, remand is required. *See Mascio,* 780 F.3d at 638 (noting that the Fourth Circuit "agree[s] with other circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work.") (internal citations and quotation marks omitted).

For the reasons set forth herein, Ms. Longshore's Motion for Summary Judgment (ECF No. 16) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 21) is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

*Sabrina Longshore v. Commissioner, Social Security Administration*
Civil No. SAG-16-223
January 25, 2017
Page 6

                                             Stephanie A. Gallagher
                                             United States Magistrate Judge